UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SMITH, #229692,

                Petitioner,

                                 CASE NO. 2:15-CV-11099
v.                               HONORABLE DENISE PAGE HOOD

PAUL KLEE,

                Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    INTRODUCTION

Michigan prisoner Thomas Smith ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, in the Wayne County Circuit Court and was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 2 years 6 months to 10 years imprisonment in 2013. In his pleadings, he raises claims concerning an amendment to his judgment of sentence, the state trial court's jurisdiction, and the effectiveness of trial and appellate counsel. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus. The Court

also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner's conviction arises from his status as a felon and his improper possession of firearms on July 16, 2013 in Garden City, Michigan.  On November 8, 2013, Petitioner pleaded guilty to felon in possession of a firearm and being a fourth habitual offender in exchange for the dismissal of a felony firearm, second offense, charge and a sentencing agreement of 2 years 6 months to 10 years imprisonment.  On November 22, 2013, the trial court sentenced him to 2 years 6 months to 10 years imprisonment in accordance with the plea bargain and issued a judgment of sentence reflecting that sentence.  On January 8, 2014, the trial court issued an amended judgment of sentence to reflect Petitioner's fourth habitual offender status and to correct another typographical error.

In May, 2014, Petitioner filed a motion to correct an invalid sentence with the state trial court asserting that the court improperly amended his judgment of sentence in violation of his due process rights.  Following a hearing, the trial court denied the motion finding that it acted within its discretion in correcting the judgment of sentence without a hearing because the correction was clerical, not substantive, in nature.  The court noted that the amendment accurately reflected

2

the imposed sentence and Petitioner's fourth habitual offender status. *People v. Smith*, No. 13-007327-01-FH (Wayne Co. Cir. Ct. June 6, 2014). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same due process claim, as well as a double jeopardy claim, contesting the amendment to the judgment of sentence. The court denied the application for lack of merit in the grounds presented. *People v. Smith*, No. 322204 (Mich. Ct. App. July 24, 2014). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same two sentencing claims, as well as an ineffective assistance of counsel claim. The court denied leave to appeal in a standard order. *People v. Smith*, 497 Mich. 955, 858 N.W.2d 437 (2015).

Petitioner thereafter filed his federal habeas petition. He raises the following claims as grounds for relief:

I.    He is entitled to resentencing where the court amended the judgment of sentence almost four months after the sentencing date to reflect an habitual 4th status. This deprived him of his Fifth and Fourteenth Amendment constitutional rights of due process.

II.   He is entitled to resentencing where the court amended the judgment of sentence almost four months after the sentencing date to reflect an habitual 4th status thus depriving him of his Fourteenth Amendment constitutional right to be free from double jeopardy.

III.  The trial court did not have lawful jurisdiction to try or sentence him.

3

IV.    Trial counsel and appellate counsel were ineffective in violation
       of his Sixth Amendment rights.

Respondent has filed an answer to the petition contending that it should be denied

because the last two claims are unexhausted and all of the claims lack merit.

Petitioner has filed a reply to that answer reiterating that he is entitled to relief.

## III.   STANDARD OF REVIEW

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted
with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an
       unreasonable application of, clearly established Federal
       law, as determined by the Supreme Court of the United
       States; or

(2)    resulted in a decision that was based on an unreasonable
       determination of the facts in light of the evidence
       presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from

[that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

4

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has

5

emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law

as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal

habeas review.   *See* 28 U.S.C. § 2254(e)(1).   A petitioner may rebut this presumption with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Lastly, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   ANALYSIS

### A.   Exhaustion

As an initial matter, Respondent contends that Petitioner has not properly exhausted his jurisdiction and ineffective assistance of trial and appellate counsel claims in the state courts.  A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).   To satisfy the exhaustion requirement, a Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must be "fairly presented" to those courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims.  *McMeans v.*

*Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The petitioner must also present the claims to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, Petitioner did not present his jurisdiction claim to the state courts at all and first presented his ineffective assistance of counsel claims to the state courts in seeking leave to appeal before the Michigan Supreme Court on direct appeal.  Presenting new issues for the first time before a state supreme court on discretionary review, however, does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Consequently, Petitioner has not properly exhausted his jurisdiction and ineffective assistance of counsel claims in the state courts such that his habeas petition is subject to dismissal as a mixed petition containing both exhausted and unexhausted claims.

The Court, however, declines to dismiss the habeas petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).   For

example, an unexhausted claim may be addressed if the pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating these claims because further exhaustion in the state courts is likely to be futile and relief on the claims may be denied despite the lack of exhaustion.

**B.    Amendment to the Judgment of Sentence Claims**

Petitioner first asserts that he is entitled to habeas relief because the trial court's amendment of the judgment of sentence to reflect his fourth habitual offender status, done four months after sentencing and without a hearing, violated his due process rights and his right to be free from double jeopardy. Respondent contends that these claims lack merit.

In this case, the state trial court denied Petitioner's resentencing motion because the amendment to the judgment of sentence was clerical, not substantive, in nature and it accurately reflected the imposed and agreed-upon sentence. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds

10

presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]  Matters of state procedure and sentencing are generally state law issues which do not justify federal habeas relief.  *See Wainwright v. Sykes*, 433 U.S. 72, 81 (1977); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Such is the case here where the trial court merely amended the judgment of sentence to correct a clerical error.  An error in state procedure or sentencing does not rise to the level of a federal constitutional claim warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004)  (quoting *Estelle*, 502 U.S. at 69-70).

Petitioner fails to establish a due process violation.  The state court record demonstrates that he was notified of the fourth habitual offender charge and acknowledged that he was a fourth habitual offender at the time of his plea.  His imposed sentence of 2 years 6 months to 10 years imprisonment also reflected his

_____

[1]The Court notes that it would reach the same result under a *de novo* standard of review.

fourth habitual offender status. His original judgment of sentence, however, failed to include his habitual offender designation. Consequently, the trial court amended the judgment of sentence to include his status as a fourth habitual offender in accordance with his plea bargain and sentence. The trial court did not impose a new charge or sentence or any additional punishment. The amendment to the judgment of sentence was clerical, not substantive, in nature and was not fundamentally unfair. No due process violation occurred. *See, e.g., Robertson v. McKee*, No. 09-CV-14675, 2012 WL 263099, *4-5 (E.D. Mich. Jan. 30, 2012) (Borman, J.), adopting magistrate judge's report, 2011 WL 7112235, *12 (E.D. Mich. June 20, 2011), denying relief on similar claim and ruling that no constitutional violation occurred when the state trial court corrected a clerical mistake by amending the petitioner's judgment of sentence to reflect his habitual offender status).

Petitioner also fails to establish a double jeopardy violation. The Double Jeopardy Clause of the Fifth Amendment provides: "No person... shall...be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects

12

against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

The record in this case clearly shows that Petitioner was not punished twice for the same offense. Rather, the judgment of sentence was amended to accurately reflect his status as a fourth habitual offender and to comport with his plea bargain. His original sentence of 2 years 6 months to 10 years imprisonment remained the same. No double jeopardy violation occurred. *See Jones v. Winn*, No. 15-CV-11249, 2016 WL 6696048, *7 (E.D. Mich. Nov. 15, 2016) (Drain, J.) (denying habeas relief on double jeopardy claim challenging amended judgment of sentence which was changed to correct clerical error on consecutive sentencing); *Robertson*, *supra,* 2012 WL 263099, adopting magistrate judge's report, 2011 WL 7112235 at *12 ("... because the amended judgment of sentence merely corrected a clerical error but did not alter the actual term of imprisonment, the trial court's action neither deprived petitioner of a fair sentencing proceeding nor violated the Double Jeopardy Clause"). Petitioner fails to establish that the trial court's conduct in amending the judgment of sentence violated his constitutional

13

rights.  Habeas relief is not warranted on these claims.

### C.   Jurisdiction Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court lacked jurisdiction to try and sentence him.  Petitioner cites perceived deficiencies in the criminal complaint, warrant, and arraignment in support of this claim.  Respondent contends that this unexhausted claim lacks merit.  Because this claim was not raised in the state courts and is unexhausted, *see* discussion *supra*, it has not been adjudicated on the merits in the state courts and is subject to *de novo* review.  *See Dando v. Yukins*, 461 F.3d 791, 796 (6th Cir. 2006).

With such a standard in mind, the Court finds that Petitioner is not entitled to relief on this claim because it is not cognizable upon habeas review.   The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v.*

14

*Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996).  It is well-settled that a perceived

violation of state law does not provide a basis for federal habeas relief.  *Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991).  A state court's interpretation of state

jurisdictional issues conclusively establishes jurisdiction for purposes of federal

habeas review.  *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th

Cir. 2001).  Petitioner fails to state a claim upon which federal habeas relief may

be granted as to this issue.[2]  Habeas relief is not warranted on this claim.

### D.    Ineffective Assistance of Trial Counsel Claim

Petitioner next asserts that he is entitled to habeas relief because trial

counsel was ineffective for failing to challenge several issues such as the "warrant,

complaint, evidentiary hearings, [and] motions to quash."  Respondent contends

that this unexhausted claim lacks merit.  As with Petitioner's jurisdiction claim, the

Court's review of this unexhausted claim is *de novo*.  *See* discussion *supra*.

Petitioner is not entitled to relief on this claim.  It is well-established that an

unconditional guilty plea or no contest plea constitutes a waiver of all pre-plea,

non-jurisdictional constitutional deprivations.  *Tollett v. Henderson*, 411 U.S. 258,

267 (1973) (guilty plea); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (no

---

[2]The Court notes that to the extent that Petitioner raises non-jurisdictional challenges to the actions of the police, prosecutor, or the trial court which occurred prior to the entry of his plea, such claims are foreclosed by his plea.  *See* discussion *infra.*

15

contest plea); *see also United States v. Broce*, 488 U.S. 563, 569 (1989).  The

Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> with which he is charged, he may not thereafter raise independent
> claims relating to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea.  He may only attack the voluntary
> and intelligent character of the guilty plea by showing that the advice
> he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no

contest waives any non-jurisdictional claims that arose before the entry of his plea.

Pre-plea ineffective assistance of counsel claims are non-jurisdictional issues

which are waived by an unconditional plea.  *See United States v. Stiger*, 20 F.

App'x. 307, 309 (6th Cir. 2001) (citing *United States v. Bohn*, 956 F.2d 208, 209

(9th Cir. 1992)); *Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich.

2002).  In such a case, a court's inquiry is limited to whether the plea was knowing,

intelligent, and voluntary.  *Broce*, 488 U.S. at 569.  Petitioner does not dispute the

knowing, intelligent, or voluntary nature of his plea – and the record of the plea

proceedings belies any such claims.  Because Petitioner's ineffective assistance

of trial counsel claim concerns the alleged deprivation of non-jurisdictional

constitutional rights that occurred before the entry of his unconditional plea, the

claim is foreclosed by his plea.  Habeas relief is not warranted on this claim.

16

**E.    Ineffective Assistance of Appellate Counsel Claim**

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel, like trial counsel, was ineffective for failing to raise issues such as "the warrant, complaint, evidentiary hearings, motions to quash" on appeal. Respondent contends that this claim is unexhausted and lacks merit.  As with Petitioner's jurisdiction and ineffective assistance of trial counsel claims, the Court's review of this unexhausted claim is *de novo.  See* discussion *supra*.

In order to establish ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  With regard to appellate counsel, it is well-settled that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  *United*

17

*States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

In this case, Petitioner fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised the due process and double jeopardy sentencing issues on direct appeal. None of the other claims subsequently raised by Petitioner are "dead-bang winners." Rather, his jurisdictional claim is not supported by the record and his other claims are foreclosed by his plea. Petitioner fails to establish that appellate counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

18

## V.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his pleadings.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having conducted the requisite review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims.  The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.

19

*See* FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

     **IT IS SO ORDERED**.

                S/Denise Page Hood
                Denise Page Hood
                Chief Judge, United States District Court

Dated:  November 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2016, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager